## Blumenthal v. Al Appel Motors, Inc.

*Juiliante, Juiliante & Schaaf*, for plaintiff.

*Isaac J. Silin, Vernon H. Elderkin, Jr., Warren W. Bentz* and *J. Leonard Ostrow*, for defendants.

EVANS, P. J., May 9, 1958.—This matter is before the court on preliminary objections to a bill of complaint. Paragraph 3 of the original complaint was amended to read as follows: "On April 7, 1956, at 609 French St. in the City of Erie within this county, plaintiff and Aladar Appel on behalf of himself and as a duly authorized officer of Al Appl Motors, Inc., did enter into an oral contract by the terms of which plaintiff was to assume the position of General Sales Manager of Al Appel Motors, Inc."

Thereafter it is averred that plaintiff performed

certain services for the corporation, and was entitled to compensation in amounts set forth and part of which he did not receive.

We are unable to determine from the pleading whether or not plaintiff is suing on the theory that defendants are separately liable or jointly liable, assuming the facts as averred to be true. There seems to be the thought that because Aldar Appel, individually, owned most or all of the stock in the corporation, the existence of the corporation may be ignored, and that the obligation be, therefore, treated as a personal one. If such is the theory, there is no basis averred to sustain such a claim. He had the right to incorporate his business for the purpose of escaping individual liability for debts of that corporation, and because he owns all or most of the stock therein does not make him liable for the corporate debts.

It may be that there are facts existing which will create liability on the part of Appel, and if such facts exist, he may be joined as a party defendant under Civil Procedural Rule 1020. In this case there may be a common factual background for joint complaint.

However, there is no allegation that as an individual Appel was to receive any services for himself nor does it appear that any were furnished him. If the liability is claimed to be joint as in a partnership, an allegation to that effect should be made. If there are special circumstances creating liability on the part of Appel individually as distinct from the obligation of the corporation, a separate cause of action with supporting allegations of fact should be averred against him individually.

Now, to wit, May 9, 1958, the preliminary objections to amend complant, filed February 7, 1958, are sustained, and the plaintiff is allowed 20 days within which to amend in accordance with the foregoing opinion.